UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
NOV - 3 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Paul Maas Risenhoover,

    Plaintiff,

v.             Civil Action No. 11 1907

Kathleen Sebelius *et al.*,

    Defendants.

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Under that statute, the Court is required to dismiss a case "at any time" it determines that the complaint fails to state a claim upon which relief can be granted.

Plaintiff, a resident of Taiwan, seems to claim in a mostly incomprehensible complaint that the General Counsel of the U.S. Department of Health and Human Services denied his administrative tort claim "averring [that] a HHS CMMS employee posted malicious comments on a website, derogatory to my petition . . . ." Compl. at 1. Plaintiff claims that the alleged act violated the Federal Tort Claims Act ("FTCA"), the Privacy Act, 5 U.S.C. § 552a, and his "civil and constitutional rights." *Id.* at 1-2.

Plaintiff does not state any facts to support a claim under either the Privacy Act or the Constitution. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . .") (citations omitted).


Plaintiff seeks, among other extraneous relief, an "award [of] damages in compensation for derogation whereof by DEA/HHS and Doe(s) in re comments to e-prescriptions rulemaking at regulations.gov."[1] Compl. at 6. To the extent that he is seeking monetary damages from the United States for the alleged "malicious comments," the FTCA, under which the United States has consented to be sued for certain torts, does not apply to "[a]ny claim arising out of . . . . libel, slander, misrepresentation [or] deceit." 28 U.S.C. § 2680(h). Therefore, plaintiff has failed to state a claim upon which relief can be granted. A separate Order of dismissal accompanies this Memorandum Opinion.

Date: October 15, 2011

/s/ 
United States District Judge

---

[1] Among the extraneous relief sought is a request to file electronically. A *pro se* party must make such a request by "a written motion entitled 'Motion for CM/ECF Password,' describing the party's access to the internet and confirming the capacity to file documents and receive the filings of other parties electronically on a regular basis." LCvR 5.4(b)(2).